Tuemey, J..
delivered the opinion of the court.
This is an action of debt brought' by the plaintiff in- error vs. White & Parrish, as the makers of a promissory nóte, and'Tap-pan1 & Perkins as endorsers thereof. The declaration is demurred to, andfheflemurrer' was sustained by the circuit court', upon which a writ of error is prosecuted to this court. It is now contended in'support of the judgment of the court below, that an action of debt1 will not lie against the endorser of a" promissory note or bill of exchange, and, therefore, a joint action of debt cannot b;e maintained against'the maker or drawer, and ah endorser. The act of 1837, ch. 5; gives a joint action against the maker’s of inland bills of exchange, promissory notes, and writings obligatory, and the endorsers thereof.
' It is true, this statute does not specify the form of the action, and it becomes necessary for the court to‘determine, whether debt can be maintained. We think it can; because debt'wiM'un'qéstionably lie against the makers, or drawers of promissory note's, or bills' of exchange;, and when a statute authorises others to be joined with them without exempting them from the same form of action, or specifying a different one, there can be no' reason for forcing the plaintiff to resort to another. We do not mean to determine in this case, whether debt will lie against an endorser sued alone or' not; but for argument sake, suppose it would not, and that an action on'the 'case','is the proper remedy. Yet, upon what principle is it; that 'where endorsers and makers are united in 'the' same' suit; the character, in which the endorsers'stand, shall 'dictate'' the form of’action, in preference to that of the makers? None, that we can sefeV Oheform- of action being proper'fór thb makers, and another for the'‘endorsers, we think, gives the plaintiff a right to select that form; which he supposes will best advance his interest. In this' case he'has selected the action of debt, and in so doing, we think' he has committed no error.
Wé, therefore, reverse the judgment of the circuit court,'and proceeding to render such judgment; as the court'below'should-have- pronounced, overrule the demurrer, and give judgment for the plaintiff, for the debt, interest and costs.